UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MICHAEL HIGGINBOTHAM                                                                      PLAINTIFF

V.                                      No. 3:21-CV-113-JTR

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration[1]                                                         DEFENDANT

**ORDER**

**I.   Introduction**

On June 27, 2019, Plaintiff, Michael Higginbotham ("Higginbotham"), applied for disability income benefits and supplemental security income, alleging disability beginning on December 18, 2018. (Tr. at 10). In a written decision dated December 24, 2020, an Administrative Law Judge ("ALJ") denied his application. (Tr. at 24). The Appeals Council denied Higginbotham's request for review on May 21, 2021, making the ALJ's denial of Higginbotham's application for benefits the final decision of the Commissioner. (Tr. at 1–3).

For the reasons stated below, the Court [2] affirms the decision of the Commissioner.

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is substituted as the Defendant in this action. Fed. R. Civ. P. 25(d).

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

## II.   The Commissioner's Decision

The ALJ found that Higginbotham had not engaged in substantial gainful activity since the alleged onset date of December 18, 2018.[3] (Tr. at 12). The ALJ found, at Step Two, that Higginbotham had the following severe impairments: bilateral ankle degenerative joint disease and tenosynovitis s/p arthroscopy, diabetes, sleep apnea, asthma, COPD, coronary artery disease, obesity, and depression. (Tr. at 13).

After finding that Higginbotham's impairments did not meet or equal a listed impairment (Tr. at 13),[4] the ALJ determined that Higginbotham had the residual functional capacity ("RFC") to perform work at the light exertional level, with the following additional limitations: (1) he cannot climb ladders, ropes, or scaffolds; (2) he must avoid concentrated exposure to irritants such as fumes, odors, dust, gases, poorly ventilated areas, and excessive vibration; (3) he can maintain concentration, persistence, and pace for simple and detailed, but less than complex tasks; (4) he can understand, carry out, and remember simple and detailed, but less than complex

---

[3] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g).

[4] See 20 C.F.R. Part 404, Subpt. P, Appendix 1.

work instructions and procedures; (5) he can make simple and detailed, but less than complex work-related decisions; (6) he can respond appropriately to simple and detailed, but less than complex work setting changes; and (7) he can have routine and superficial interaction with co-workers, supervisors, and the public. (Tr. at 15).

At Step Four, the ALJ determined that Higginbotham was capable of performing past relevant work as a janitor. (Tr. at 22). The ALJ made an alternative finding at Step Five. He relied upon Vocational Expert ("VE") testimony to find that, based on Higginbotham's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform, including positions such as routing clerk and a price tag ticketer. (Tr. at 23). Based on his findings at Steps Four and Five, the ALJ concluded that Higginbotham was not disabled. *Id*.

### III. Discussion

**A. Standard of Review**

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

### B. Higginbotham's Arguments on Appeal

Higginbotham contends that the evidence supporting the ALJ's decision to deny his application for benefits is less than substantial. He argues that the ALJ did

not properly evaluate the opinion of Dr. Michael Haughey, DPM, and that the ALJ did not properly analyze Higginbotham's subjective complaints.

Higginbotham's argument focuses on his bilateral foot and ankle pain.[5] He began seeing Dr. Haughey, a podiatrist, in May 2019, and Dr. Haughey treated Higginbotham's foot and ankle pain with steroid injections and bilateral arch supports. (Tr. at 547–551). Higginbotham said that the injections helped a great deal, but, in July 2020, Dr. Haughey decided to proceed with a right ankle debridement and excision, followed by another left ankle steroid injection. (Tr. at 536–549, 647–651, 687–697). At a follow-up to the surgery, Higginbotham's clinical examination was satisfactory. *Id*. Higginbotham told Dr. Haughey that he was very pleased with surgery and no longer required pain medications.[6] (Tr. at 17–18, 685).

In July 2020, Dr. Haughey filled out a short checkbox form indicating that Higginbotham could not perform even sedentary exertional work, and that he would miss three days of work per month due to ankle pain; Dr. Haughey wrote that his opinion covered the time-period from May 2019 to July 2020.[7] (Tr. at 679–680).

---

[5] Conservative treatment helped resolve Higginbotham's other impairments. (Tr. at 16–18). At weekly counseling sessions, Higginbotham showed some ability to manage his anger and depression, and he said that medication helped. (Tr. at 16–18, 557–581, 630–632).

[6] Improvement in condition supports an ALJ's finding that a claimant is not disabled. See *Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992).

[7] See *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012) (a conclusory checkbox form has little evidentiary value when it cites to no medical evidence and provides little or no elaboration).

The ALJ found this opinion to be unpersuasive.[8] (Tr. at 21). In discounting the opinion, the ALJ cited Higginbotham's improvement with treatment. *Id.* Indeed, Higginbotham told Dr. Haughey that injections and arch supports helped, and that he was pleased with the July 2020 surgery. (Tr. at 536–546, 685). The ALJ also discussed how Higginbotham's ability to perform daily activities in spite of his pain undercut the extreme restrictions Dr. Haughey placed on Higginbotham.[9] (Tr. at 21). Moreover, the ALJ noted Higginbotham's relatively short treatment history with Dr. Haughey, as well as the fact that the opinion appeared to be based largely on subjective complaints. (Tr. at 21). Finally, the ALJ pointed out that Dr. Haughey released Higginbotham to normal bathing activities and shoe gear tolerance after the July 2020 surgery. *Id.* Dr. Haughey's opinion was controverted by the balance of the

---

[8] On January 28, 2017, the Administration promulgated new regulations governing how ALJs assess medical opinion evidence. The new rules, with an effective date of March 27, 2017, focus on whether an opinion is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [which includes: (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. See 20 C.F.R. § 404, 1520c(a)–(c)(2017). An opinion is more persuasive if it is consistent with and supported by the medical evidence as a whole. 20 C.F.R. § 416.920c(c)(1–2) (2017); *Bonnett v Kijakazi*, 859 Fed. Appx. 19 (8th Cir. 2021); *Phillips v. Saul,* No. 1:19-CV-34-BD, 2020 WL 3451519, at *2 (E.D. Ark. June 24, 2020). An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Id.*

[9] Higginbotham said he could do some chores, prepare meals, shop in stores, care for his grandchildren, drive, read, and work part-time as a housecleaner during the relevant time-period. (Tr. at 21, 312–316). The ability to perform such activities undermines a claimant's allegations of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

medical record, and the ALJ properly discounted the opinion, in keeping with the new regulations.

Finally, Higginbotham argues that the ALJ did not fully and fairly consider his subjective complaints.[10] Actually, the ALJ did a fine job: he discussed the nature and location of Higginbotham's pain, his medications and their side effects, otherwise conservative treatment, daily activities, and work activity. (Tr. at 13–18). The ALJ properly concluded that Higginbotham's subjective complaints were inconsistent with the record as a whole. *Id*.

Higginbotham made a passing claim that he could not perform his past relevant work, and therefore, was disabled. (Doc. No. 10 at 31–32). The foregoing discussion demonstrates that Higginbotham was not as limited as he alleged, and the Court finds that the ALJ did not err in finding that he could perform his past work as a janitor.

---

[10] When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. See *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). "An ALJ need not explicitly discuss each factor," and he may "decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony." *Id.* (internal citations omitted).

## IV.  Conclusion

There is substantial evidence to support the Commissioner's decision to deny benefits. The RFC incorporated all of Higginbotham's credible limitations and the ALJ did not err at Step Four. The finding that Higginbotham was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

ORDERED this 6th day of June, 2022.

_____
UNITED STATES MAGISTRATE JUDGE